the next case on the docket this morning is 520-261 people versus Thompson arguing for the appellant Travis Thompson is Richard Whitney arguing for the appellate people of the state of Illinois is Jennifer Camden each side will have 10 minutes for their argument the appellant will also have five minutes for rebuttal please note only the clerk is permitted to record these proceedings good morning um Mr. Whitney are you ready to proceed I am your honor all right thank you go ahead good morning your honors and may it please the court counsel Richard J Whitney for defendant appellant Travis S Thompson your honors this appeal concerns whether Mr. Thompson has satisfied the low threshold of presenting a colorable claim of actual innocence not for purposes of getting any immediate relief but solely for purposes of being permitted to file a successive post-conviction petition so they he may be permitted to fully present his argument for a new trial I submit that it is abundantly clear that he has satisfied this threshold and that the court below committed numerous errors in coming to the frankly astonishing conclusion that he had not in a murder case in which the victim Orlando Clark died from a stab wound inflicted by a knife or knife-like instrument Mr. Thompson was convicted primarily on the basis of testimony from three witnesses a cousin of Clark who said he saw him with a silver object another cousin of Clark who he saw him stabbing someone else with a black bladed knife and then jabbing and swinging the knife at Clark and Clark's girlfriend who said she did not see a knife but saw Mr. Thompson apparently stabbing Clark making jabbing motions despite various inconsistencies and contrary evidence that provide some reasons to doubt their testimony this court ruled on direct appeal that this evidence was sufficient to sustain the conviction and I am not here to try to relitigate that as emphasized in our reply brief however even where the evidence of guilt is overwhelming as the state contends new evidence of actual innocence under the Robinson test by our Supreme Court will satisfy the requirement for filing the successive petition alleging actual innocence if it raises the probability of a different outcome in other words the question really here is does it add something to the defense side of the ledger does it move the needle in this context it clearly does we have a defendant Mr. Thompson who has new evidence that constitutes substantial additional reason to doubt that he was the one who inflicted the fatal stabbing injury to Clark at trial no one testified that anyone else was armed with a knife or stabbed anyone but excuse me but now Mr. Thompson has presented the sworn testimony of his co-defendant who admits to having a knife and using it against his assailants the principal one of whom everyone agrees was Clark he also presented the sworn testimony of two other witnesses who heard co-defendant Patrick Green admit to stabbing two people immediately after the melee as well as testimony from Mr. Thompson's mother Juanita Bradsfield that provides additional reason to doubt the testimony of Clark's girlfriend if such evidence had been available at trial it obviously would have changed the complexion of the trial and added substantial weight to the defense side of the scale of the scales and yet the court blow found to the contrary as explained in the briefs it advanced specious reasons reasons to come to the astounding conclusion that the other person charged with the murder now admitting having a knife and swinging it against assailants who must have included Clark wouldn't have affected the outcome in doing so the court below also committed patent errors of law in relying on the inapposite Sanders case and in finding that the green affidavit was positively rebutted by the record because of contrary witness testimony yet as our supreme court held in Robinson contrary witness testimony is not grounds for denying an actual innocence claim and to hold that is fundamentally illogical since the whole point of new evidence is to contest the evidence of trial in fact each of the evidence of the affidavits that Mr. Thompson submitted contained evidence that was newly discovered material and not cumulative and of such conclusive character that it could lead to acquittal on retrial which is all that Mr. Thompson had to prove at the motion for leave stage to file a successive post-conviction petition he does not have to prove his innocence at this stage it doesn't have to uh he doesn't have to prove that the outcome would have been different at the motion to leave stage he just has to prove that it could lead to acquittal on retrial and I submit that it's rather plain that this evidence could so there's a three-part test was it was this uh newly was the evidence new was it something that was unavailable at the time of trial uh with the your honors Mr. Thompson has clearly shown that because again we have to accept his allegations that they were as presented in his motion and petition and in his motion to reconsider unless positively rebutted by the record none of these Mr. Whitney except for the green affidavit which that was his co-defendant why were the other affidavits uh unavailable well Mr. Thompson explains in his in his petition in the motion to reconsider that he did not learn of them until they uh they were presented to his post-conviction counsel Christian Burrell several years later at the time when uh when uh when when he he hired Mr. Burrell to file his post-conviction petition the uh the affidavits uh well we've already covered green as far as Bradsfield this was when he first learned about it there is no evidence to contradict that his allegation that that's when he learned about it and at this stage we have to assume that his allegations are true unless positively rebutted by the record there is nothing in the record to suggest that uh Juanita Bradsfield's information about how the uh witness Labat the Clark's girlfriend uh had essentially been bribed or and threatened uh in order to give the testimony that incriminated Mr. Thompson uh was not learned until at that time until the time that uh that the this information was presented to Burrell several years later with respect to the affidavits of of Cobb and Shoff those are the two people who testified that Clark admitted to stabbing two people or excuse me that Green admitted to stabbing two people immediately after the melee they test they did say in their affidavits that they told Bradsfield before the information to the defense or was able to communicate this information to the defense prior to trial so again the assumption would have to be at this stage that Mr. Thompson's allegation is correct uh that that it was not imparted to the defense or to him prior to trial it may be that if if once the petition is allowed to be filed the state will have every opportunity to to challenge this and and try to make the case that it was available but we're at the motion for leave stage the assumption has to be unless positively rebutted by the record that what that what is stated in the petition and in the other documentation is correct and at this point we have to assume that it was not available to the defense prior to trial does he get that presumption merely by filing the petition he gets that presumption at the at the motion for leave stage yeah it's the motions i'm sorry the motion stage yes uh so that that's with respect to all of that it it it was it was newly discovered it's clearly material uh and not cumulative even the state doesn't argue that this is cumulative evidence it tries to argue that it's not material but obviously having someone that uh that says well the state's chief witness uh was approached with a bribe and a threat the co-defendant admitting having a knife and swinging it at at his assailants during the melee and two witnesses saying that he admitted stabbing two people immediately after the melee all of that is materially not cumulative all of it could have moved the needle if allowed to be presented and therefore is sufficient to establish a claim of actual innocence at the motion for leave stage i see that my time has expired if there's no other questions i'll save further remarks for rebuttal thank you justice welsh no questions justice moore no questions okay thank you mr whitney um miss camden for the state thank you your honor uh may it please the court counsel uh jennifer camden on behalf of the people i'd like to first address the state's arguments that the affidavits were not newly discovered um as to the affidavits filed by uh bradsfield cobb and schaaf the trial court correctly ruled that they were not newly discovered meaning that the defendant did not meet his burden showing that the information in them was discovered after trial and could not have been discovered earlier through due diligence and as to green's affidavit it also was not newly discovered because it was available at the time of the prior post-conviction petition now the parties disagree about whether the newly discovered showing must be made in the motion for leave to file the petition and its supporting material or whether the showing may also be made in a defendant's unsworn motion to reconsider the denial of that motion for leave to file but under either analysis the defendant has not met his burden the motion for leave to file contained only vague and non-specific assertions that the material was newly discovered and presented no factual support for that conclusory assertion and that is insufficient under weidman and the other cases cited in people's answer brief to meet the defendant's burden of showing that the material was newly discovered now the defendant's reply brief argues that sufficient allegations appear in his motion to reconsider on page c 755 he states that he became aware in the information in all of the affidavits including greens in 2015 when initial post-conviction council burrell was retained and was made aware of it the state addresses the defendant's citation of this source at pages 30 and 31 of the answer brief with regard to all of the affidavits at issue this motion for leave to file and even if this unsworn assertion is considered in the analysis of whether the defendant met his burden it still doesn't explain trial counsel's lack of due diligence with regard to the information in the affidavits of bradfield cobb and shock as discussed in the state's answer brief the another defendant argues at pages five through nine of the reply the trial counsel didn't lack due diligence if he failed to obtain information directly from state witness but the defendant's three affidavits bradsfield cobb and shock were on the defendant's own witness list bradfield was the defendant's mother cobb and shock stated that they reached out to bradsfield and that they were at the courthouse ready to testify at the defendant's trial so even taking the motion to reconsider into account the defendant still has not presented specific well-pled facts showing that their information could not have been discovered through due diligence and the defendant's burden to make that showing here a presumption cannot fill that gap and separately regardless of the defendant's failure to show due diligence as to the information in four of those five affidavits the motion to reconsider affirmatively shows that no affidavit including greens is newly discovered because the general rule is that to be newly discovered information cannot be available at the time of the prior post-conviction petition and that's in the people's answer brief now the parties disagree about whether that general rule applies in this case the defendant in the reply at pages 11 through 16 argues that the weidman rule is a quote outlier based on flawed or distinguishable cases and that this court should disregard it and follow an appellate court decision in the case called warren however the rule in the case is still good law and the court in weidman justified it by citing illinois the illinois supreme court's goal of avoiding piecemeal post-conviction litigation that's at paragraph 58 also it's not an outlier it's the general rule as stated by the defendant's own cited cases the warren case at paragraph 114 acknowledged that quote typically evidence of which the defendant was aware in earlier post-conviction proceedings will not be considered newly discovered the defendant's other cited case the iola case also acknowledges that that's the general rule and that's a paragraph 139 of that case and in both of those cases the warren and iola the appellate court explicitly stated that it was departing from the general rule in the unique circumstances and in the unique instance of the presented by those cases in other words those cases were factually distinguishable from the warren case um if time came then yes why is why was the green affidavit um available at the post-conviction stage uh it was available at the post well according to the defendant it was available at the post-conviction stage because uh because uh prior post-conviction counsel green was uh sorry prior post-conviction counsel burrell was made aware of the information in it uh the record also shows that the green affidavit was executed um three days after the initial post-conviction petition was filed so um but evidently barrel didn't use it and didn't relay that to the defendant so do we impute that to the defendant in this case i'm not sure whether the uh the motion to reconsider states that burrell didn't impute it to the defendant i mean the the motion states that uh that the defendant was aware of the information uh and also that burrell was aware of the information um but uh regarding whether we impute it to the defendant um yes the actions of counsel are actions of the defendant and the uh inquiry is whether uh the information uh was previously available and and this information was previously available i'd point to the uh to the weidman case for the uh for the discussion of uh of of the standard that applies here um the uh i'd also note some distinctions between this case and the uh warren case in which the uh appellate court held that the evidence was newly discovered because of initial post-conviction counsel's deficient performance in failing to present it in the first uh petition uh and and that that performance can establish cause uh as to why the claim wasn't filed earlier i'd note that the defendant's uh opening brief in this case at page 21 explicitly disclaimed any reliance on cause and prejudice principles um i'd also note that in the warren case the uh initial post-conviction counsel filed an actual innocence claim that was based on the information that that would have been contained in those affidavits but that counsel in that case unreasonably failed to attach them uh here the defendant's uh initial post-conviction petition did not claim actual innocence so the defendant is not arguing that counsel's presentation of the claims that were in that initial petition was deficient so that's another distinction between this case and that also the record in the warren case was more developed than the record here and proved that initial post-conviction counsel was aware of the information here we have only defendant's unsworn claim in a motion to reconsider so the record in this case is less developed um i'd also note that not every door was closed to the defendant in this case unlike the defendant in warren who uh tried to obtain new counsel and the appellate court recognized that defense that the defendant had done what he could to avoid this exact result and tried to cut him a break uh but here the uh defendant did raise those complaints in initial proceedings um so for those reasons the uh the warren case is distinguishable and the general rule should apply um and of course even uh apart from whether the affidavits were really discovered they still must be material and conclusive and in this case uh the affidavits were neither um i'll rely on uh the people's brief for the discussion of the conclusiveness uh or lack thereof of bradsfields cobs and shofts and um briefly briefly discuss green uh the uh non-conclusive nature of greens but i also want to respond to the defendant's argument that uh that that affidavit need only quote move the needle or lend some weight uh to the defendant's argument or that it could lead to acquittal on retrial and um that material is court uh the illinois supreme court in 2020 stated that the inquiry even at this stage is whether the new evidence when considered along with the trial evidence would quote probably lead to a different result so that's cited as the standard of paragraph 47 in robinson and that probability language is repeated throughout the opinion so the so the analysis even at the stage involves probability whether it's more likely than not that the defendant would be acquitted if the whether it theoretically could but whether it probably would and the defendant has not met that standard uh particularly with regard to the green affidavit which the trial court correctly ruled was not conclusive um and the reasons for that uh the reasons for the state's argument there are discussed in the answer brief but briefly uh it was a vague and artfully drawn and benign gesture by the defendant's co-defendant its well-pleaded factual statements were consistent with the was inconsistent with the defendant's theory on appeal that the that green could have inflicted the fatal wound when he swung the knife no reasonable jury could have believed that green inflicted the fatal wound without realizing it or that swinging a knife could inflict a front to back stab wound um and even if the jury uh believed that uh that that green was suggesting that he six of which were non-fatal and any suggestion that the affidavit was a confession to murder is positively rebutted by the record so for these reasons the reasons people in the answer in the answer brief that people respectfully request that the court affirm okay thank you justice welsh questions no questions okay justice moore no questions all right thank you miss camden mr whitney rebuttal yes thank you your honor first of all with respect to the so-called forensic evidence that the that the court below relied upon in concluding that the green affidavit was inadequate to raise the probability of actual innocence in which the state has adopted uh it it was error for the court to step in the role of forensic pathologist and determine that there was an inconsistency between swinging the knife and the one and a half one to one and a half inch stabbing wound inflicted on the victim and and it's it's really a matter of common sense if someone is swinging a knife like this straight across yes it would make a stabbing a slashing wound but if someone was swinging a knife like this it would make a stabbing wound you know it clearly could have had that potential and so for the court below and now the state to argue that someone swinging a knife could not have inflicted the fatal injury justifies common sense and should not be adopted or entertained by this and and yet that was part that was part of the the trial court's rationale in denying uh the the sufficiency of of the green affidavit with respect to the some of the other arguments raised by opposing counsel there is no rule of law that says that if a witness is included on a witness list and one of those witnesses later comes forward with new information this somehow proves lack of due diligence there is no law that says that and that's because it it it would be ludicrous to adopt a rule of law like that the state had 77 witnesses on their witness list i can't recall off the top of my head how many were on the on the defense list that probably adopted the state's that's very common this is very routine attorneys do this all the time they list everybody under the sun that might possibly have any information about the case on their witness list to err on the side of a caution in case they need to call someone later and and realize oh we need to call this person it doesn't mean that there's a duty to you know to interview every one of these witnesses about every possible flaw in their testimony and that if you don't do that that shows lack of due diligence that is not there is no rule of law that says that that that does not defeat the claim that this was newly discovered evidence in the context of this case what about the state's argument that the green affidavit was available during the post-conviction proceedings yes i was about to get to that your honor the the state does rely on the weidman and english cases and as explained in great detail in the brief that is not the rule of law adopted by our supreme court and numerous appellate panels including the fifth district as cited in the reply brief the the rule of law has always been if it's not available at the time of trial then it is and its material etc meets the other conclusions then it then it's then it's new evidence what happened in its began with the english case is that the english case was first addressing the cause and prejudice test for failure for the late filing of an initial petition had nothing to do with the successive petition and in that context the court said well it was available this evidence was available at the time of the initial petition that's a that's relevant to the cause and prejudice test it is not relevant to the test for filing a successive petition the english court just happened to repeat the same language that well it was available both you know uh before the trial and before the post-conviction petition so it was basically an innocuous statement and then the weidman court took excuse me the snow court which came in between uh english and weidman then took that and said well if it's available at any post-trial proceeding then it's not newly discovered well that you know that that and i explained this in great detail in the reply brief which i would uh certainly urge the court to take a close look at it as far as how this this miscreant rule of law was created that defied that would clearly defy due process because a sentencing hearing is a post-trial proceeding so if if a defendant had new evidence at the time of a sentencing hearing he couldn't introduce it at the sentencing hearing can't challenge your conviction at a sentencing hearing but then under this rule of law he couldn't raise it in a post-conviction petition either because it was available at the time of sentencing so the new evidence could never be introduced under this rule it defies due process it's not the rule of law it's not the rule of and robinson and it is not the rule of law is adopted by numerous appellate panels since then i'll have to leave it there because i see my time has expired i thank you and we respectfully request that the dismissal of mr thompson's motion for leave to file be reversed thank you justice welsh any questions no questions justice moore no questions okay thank you both for your arguments today this matter will be taken under advisement we'll issue an order in due course have a great day